IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSÉ CORONA CORONA<br><br>     Plaintiff,<br>  v.<br><br>PARADOCX VINEYARD, LLC; PARADOCX VINEYARD LTD; DAVID HOFFMAN; MARK HARRIS, CAROL HOFFMAN; and JOANNE GOSHOW-HARRIS<br><br>     Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

1. Plaintiff José Corona Corona brings this action against Paradocx Vineyard, LLC; Paradocx Vineyard, Ltd.; David Hoffman; Mark Harris, Carol Hoffman; and Joanne Goshow-Harris for violations of (I) the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§ 201-219; (II) Pennsylvania Wage Payment and Collection Law (PA WPCL), 43 P.S. §§ 260.1-260.11a; and (III) Pennsylvania contract law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b). Defendants reside within and committed the unlawful acts alleged in this complaint within the Eastern District of Pennsylvania.

**PARTIES**

5. Plaintiff José Corona Corona ("Plaintiff Corona") is a citizen and permanent resident of Mexico.

6. In 2018 and 2019, Plaintiff Corona was lawfully admitted to the United States with a temporary work visa pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) ("the H-2A visa program").

7. Defendant Paradocx Vineyard, LLC, is a limited liability company in Chester County, Pennsylvania, with a registered corporate address at 464 Chesterville Rd., Landenberg PA, 19350.

8. Defendant Paradocx Vineyard, Ltd., is a business corporation in Chester County, Pennsylvania, with a registered corporate address at 464 Chesterville Rd., Landenberg PA, 19350.

9. Upon information and belief, Paradocx Vineyard, LLC, and Paradocx Vineyard, Ltd. (together "Paradocx Vineyard") have the same owners and business operations.

10. In 2018 and 2019, Paradocx Vineyard, Ltd., applied for temporary agricultural workers through the H-2A visa program.

11. In 2018 and 2019, Paradocx Vineyard, Ltd., hired Plaintiff Corona as a temporary agricultural worker through the H-2A visa program.

12. In 2018 and 2019, wage statements provided to Plaintiff Corona were issued in the name of "Paradocx Vineyard, LLC".

13. At all relevant times, Paradocx Vineyard operated a vineyard and winery for the wholesale and retail sale of wine and wine-related products.

14. At all relevant times, Paradocx Vineyard operated a bar and events venue at 1833 Flint Hill Rd, Landenberg, PA 19350.

15. Upon information and belief, Defendant David Hoffman is an individual who, at all relevant times, resided at 464 Chesterville Rd., Landenberg, PA 19350.

16. Upon information and belief, at all relevant times, Defendant David Hoffman was the president and co-owner of Paradocx Vineyard.

17. Upon information and belief, Defendant Mark Harris is an individual who, at all relevant times, resided at 452 Chesterville Rd., Landenberg, PA 19350.

18. At all relevant times, Defendant Mark Harris was the vice president and co-owner of Paradocx Vineyard.

19. Upon information and belief, Defendant Carol Hoffman is an individual who, at all relevant times, resided at 464 Chesterville Rd., Landenberg PA 19350.

20. At all relevant times, Defendant Carol Hoffman was the treasurer and co-owner of Paradocx Vineyard.

21. Defendant Joanne Goshow-Harris is an individual who, at all relevant times, resided at 452 Chesterville Rd., Landenberg, PA 19350.

22. At all relevant times, Defendant Joanne Goshow-Harris was the secretary and co-owner of Paradocx Vineyard.

## STATEMENT OF FACTS

### *The H-2A Visa Program*

23. Through the H-2A visa program, an employer may employ foreign workers to perform temporary agricultural labor in the United States.

24. Employers seeking the admission of H-2A workers must first file Form ETA-9142A Application for Temporary Labor Certification ("H-2A Application") for the Department of Labor ("DOL") to review and approve. 20 C.F.R. § 655.130.

25. The H-2A Application must include Form ETA-790 Agricultural and Food Processing Clearance Order ("job order"), *id.*, which serves as a job offer to be used in the recruitment of 2A workers. 20 C.F.R. § 655.121.

26. The H-2A Application, together with the job order, includes various assurances that the employer will abide by applicable legal requirements, including:

   a. The requirement to pay all workers at least the adverse effect wage rate (AEWR)[1], the prevailing wage rate, or the minimum wage rate—whichever is highest—for the job. 20 C.F.R. § 655.122(l).

   b. The requirement to provide or pay for reasonable costs of inbound transportation, and subsistence[2], from the worker's hometown to the place of employment if the worker completes 50% of the contract period. § 655.122(h)(1).

   c. The requirement to provide or pay for reasonable costs of outbound transportation, and subsistence, from the place of employment to the worker's hometown if the worker completes the contract period. § 655.122(h)(2).

---

[1] The DOL Office of Foreign Labor Certification publishes the AEWR for each state on a yearly basis. 20 C.F.R. § 655.120(c).
[2] The DOL Office of Foreign Labor Certification publishes the minimum and maximum daily travel subsistence meal expense for H-2A workers on a yearly basis. 20 C.F.R. § 655.122(h)(1).

      d.   The requirement to comply with all applicable federal, state, and local laws and regulations. § 655.135(e).

27.    From January 4, 2018 to January 8, 2019, the AEWR was $12.05 per hour in Pennsylvania.

28.    From January 9, 2019 to January 1, 2020, the AEWR was $13.15 per hour in Pennsylvania.

29.    From March 21, 2018 to March 21, 2019 the minimum daily travel subsistence meal reimbursement for H-2A workers was $12.26.

### *Defendants' Failure to Pay All Wages Due to Plaintiff Corona*

30.    In 2018 and 2019, Defendants recruited Plaintiff Corona and offered him an employment contract.

31.    In 2018 and 2019, Plaintiff Corona accepted Defendants' offer of employment.

32.    Upon information and belief, in 2018 and 2019, Plaintiff Corona was an employee engaged in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

33.    In 2018 and 2019, Plaintiff Corona worked for Defendants, tending and harvesting the grapes of Defendant's vineyard, assisting with winemaking, cleaning, helping to fix winemaking machinery, and packing wine.

34.    Upon information and belief, in 2018 and 2019, Plaintiff Corona worked on the winemaking process using grapes that Defendants purchased from other states, including California and Maryland.

35.    In 2019, Plaintiff Corona also did a variety of work for Defendants' bar and events venue, including construction projects and event set-up, operations, and clean-up.

36. In 2018, Defendants employed Plaintiff Corona:

    a. from approximately March 27 to November 2;

    b. for an average of 50 hours per week;

    c. and paid him $12.15 per hour.

37. In 2019, Defendants employed Plaintiff Corona:

    a. from February 9 to October 30;

    b. for an average of 59 hours per week;

    c. and paid him $12.19 per hour—$0.96 less than the adverse effect wage rate.

38. Throughout Plaintiff Corona's employment, Defendants typically gave Plaintiff Corona a paycheck every two weeks.

39. Throughout Plaintiff Corona's employment, Defendants never paid Plaintiff the overtime wage rate of one and one-half times his regular hourly wage for the weeks that he performed work that was not overtime-exempt.

***Defendants' Failure to Pay for Plaintiff Corona's Transportation and Subsistence***

40. In 2018 and 2019, Defendants gave Plaintiff Corona $300 for inbound travel expenses.

41. In 2018, Defendants gave Plaintiff Corona $300 for outbound travel expenses.

42. In 2018 and 2019, each of Plaintiff Corona's flights between the U.S. Consulate in Mexico and the United States cost at least $300.

43. In 2018 and 2019, Plaintiff Corona incurred additional transportation and subsistence costs that were not covered or reimbursed by the Defendants, including:

    a. the cost of travel from Plaintiff Corona's hometown to Monterrey, and

    b. the cost of staying in Monterrey while interviewing for and awaiting his visa, including food and lodging.

44. Upon information and belief, in 2018 and 2019, Plaintiff Corona's inbound transportation and subsistence costs caused his first week's wages to fall below the minimum wages required by federal and state law.

## COUNT I
### Fair Labor Standards Act

45. Plaintiff incorporates by reference all of the above-numbered paragraphs.

46. At all relevant times, Defendants were employers of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203.

47. At all relevant times, Plaintiff was an employee within the meaning of the FLSA. § 203(g).

48. At all relevant times, Plaintiff did not fall within any of the minimum wage exemptions in the FLSA.

49. In 2018 and 2019, during various workweeks of his employment with Defendants, Plaintiff did not fall within any of the overtime exemptions in the FLSA. *See* 29 U.S.C. § 213.

50. At all relevant times, the FLSA required Defendants to pay Plaintiff at least the minimum wage rate. 29 U.S.C. § 206(a)(1).

51. At all relevant times, the FLSA required Defendants to pay Plaintiff one and one-half times his regular hourly wage for all hours worked over 40 in any week that he performed work that was not overtime-exempt. 29 U.S.C. § 207(a)(1).

52. In 2018 and 2019, Defendants violated the FLSA by failing to pay Plaintiff the minimum wage rate.

53. In 2018 and 2019, Defendants' violation of the FLSA minimum wage requirement resulted from Defendants' failure to reimburse Plaintiff for certain pre-employment costs that he incurred primarily for Defendants' benefit, which reduced Plaintiff's wages below the minimum wage for his first workweek.

54. In 2018 and 2019, Defendants violated the FLSA by failing to pay Plaintiff the required overtime wage rate for hours worked over 40 during the weeks that he performed work that was not overtime-exempt.

55. Defendants knowingly or recklessly violated the FLSA.

56. Plaintiff is entitled to damages in the amount of unpaid minimum wages and overtime wages, liquidated damages in an amount equal to the actual damages, attorneys' fees, and costs associated with this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## Pennsylvania Wage Payment and Collection Law

57. Plaintiff incorporates by reference all of the above-numbered paragraphs.

58. At all relevant times, Defendants were employers of Plaintiff within the meaning of the PA WPCL. 43 P.S. § 260.2a.

59. At all relevant times, Plaintiff was an employee within the meaning of the PA WPCL.

60. In 2018 and 2019, Defendants and Plaintiff entered into employment contracts pursuant to the terms and conditions outlined in the H-2A Applications for Temporary Labor Certification and job orders.

61. Pursuant to the employment contracts, Defendants were required to pay Plaintiff the promised wage for all hours worked.

8

62. Pursuant to the employment contracts, Defendants were required to pay at Plaintiff at least the adverse effect wage rate (AEWR) per hour for up to 40 hours worked.

63. Pursuant to the employment contracts, Defendants were required to pay Plaintiff one and one-half times his regular hourly wage for all hours worked over 40 in any week that he performed work that was not overtime-exempt.

64. Pursuant to the employment contract, Defendants were required to pay for Plaintiff's inbound and outbound transportation and subsistence costs.

65. At all relevant times, the PA WCPL required Defendants to pay Plaintiff all wages owed for every hour he worked in a workweek. 43 P.S. § 260.3(a)

66. At all relevant times, the PA WCPL required Defendants to pay Plaintiff all fringe benefits or wage supplements that they agreed to pay Plaintiff. 43 P.S. § 260.3(b)

67. Defendants violated the PA WCPL by failing to pay Plaintiff all wages owed for all the hours he worked each week of his employment.

68. Defendants violated the PA WCPL by failing to pay Plaintiff all fringe benefits or wage supplements that they agreed to pay Plaintiff.

69. Plaintiff is entitled to damages in the amount of unpaid wages, including fringe benefits or wage supplements; liquidated damages in an amount equal to 25% of the total amount due or $500, whichever is greater, per violation; attorneys' fees; and costs associated with this action. 43 P.S. §§ 260.9a-260.10.

**COUNT III**
**Breach of Contract**

70. Plaintiff incorporates by reference all of the above-numbered paragraphs.

71. In 2018 and 2019, Defendants offered Plaintiff employment contracts pursuant to the terms and conditions outlined in the H-2A Applications for Temporary Labor Certification and job orders.

72. In 2018 and 2019, Plaintiff accepted the employment contracts.

73. Pursuant to the employment contracts, Defendants were required to comply with all applicable federal, state, and local laws and regulations.

74. Pursuant to the employment contracts, Defendants were required to pay Plaintiff the promised hourly wage for all hours worked.

75. Pursuant to the employment contracts, Defendants were required to pay Plaintiff one and one-half times his regular hourly wage for all hours worked over 40 in any week that he performed work that was not overtime-exempt.

76. Pursuant to the employment contracts, Defendants were required to pay for Plaintiff's reasonable inbound and outbound transportation and subsistence costs.

77. In 2019, Defendants failed to pay Plaintiff the promised hourly wage for all hours worked.

78. In 2018 and 2019, Defendants failed to pay Plaintiff overtime wages for all weeks that he worked over 40 hours and performed work that was not overtime-exempt.

79. In 2018, Defendants failed to pay for some of Plaintiff's reasonable inbound and outbound transportation and subsistence costs.

80. In 2019, Defendants failed to pay for some of Plaintiff's reasonable inbound transportation and subsistence costs.

81. As a result of Defendants' breach of the employment contracts, Plaintiff is entitled to recover his unpaid wages, including overtime wages, and transportation and subsistence costs pursuant to Pennsylvania law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this court:

1. Declare that Defendants violated the rights of Plaintiff under the FLSA, PA WCPL, and Pennsylvania contract law;

2. Award damages to Plaintiff for unpaid minimum wages, unpaid overtime wages, and statutory liquidated damages, in accordance with the FLSA;

3. Award damages to Plaintiff for unpaid wages, fringe benefits or wage supplements, and statutory liquidated damages in accordance with the PA WCPL;

4. Award damages to Plaintiff for breach of employment contracts;

5. Award attorneys' fees and costs associated with this action to Plaintiff; and

6. Award such other relief as this Court deems just and equitable.


Dated: February 11, 2021

Respectfully submitted,

   /s/Virginia Halden
Virginia Halden (PA Bar No. 322959)
Philadelphia Legal Assistance
718 Arch Street, Suite 300N
Philadelphia, PA 19106
Telephone: (215) 981-3874
Facsimile: (215) 981-3860
vhalden@philalegal.org

Attorney for Plaintiff