UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CORONA CORONA<br><br>           Plaintiff,<br>v.<br><br>PARADOCX VINEYARD, LLC; PARADOCX VINEYARD LTD; DAVID HOFFMAN; MARK HARRIS; CAROL HOFFMAN; and JOANNE GOSHOW-HARRIS<br><br>           Defendants. | Case No. 2:21-cv-00651-AB |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR DISMISSAL OF ACTION WITH PREJUDICE**

Plaintiff, Jose Corona Corona, and Defendants, Paradocx Vineyard, LLC, Paradocx Vineyard LTD, David Hoffman, Mark Harris, Carol Hoffman, and Joanne Goshow-Harris (collectively, "Parties"), by and through their undersigned counsel, file this Joint Motion for Approval of Settlement Agreement and Joint Stipulation for Dismissal of Action with Prejudice ("Motion") and state the following in support thereof:

1.    At issue in the instant action is Plaintiff's Complaint against Defendants in which he alleges that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §201 ("FLSA") and the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. 260.1 ("WPCL").[1]

2.    Plaintiff filed the instant action as an individual Plaintiff and has not sought conditional class certification to file an FLSA collective action under 29 U.S.C. §216(b).

---

[1] Court approval of the settlement of Plaintiff's state law claims is not required. *See Yong Li v. Family Garden II, Inc.*, 2019 U.S. Dist. LEXIS 46577, 2019 WL 1296258 (EDPA March 20, 2019); *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-CV-1771 (CCC-MF), 2015 U.S. Dist. LEXIS 135615, 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015).

3. No individuals other than Plaintiff have raised claims under the FLSA.

4. Defendants dispute Plaintiff's claims.

5. In order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement. As Plaintiff's claims were made under the FLSA, the Parties now seek approval of the settlement and stipulate to dismissal of the entire action with prejudice, pursuant to Fed. R. Civ. P. 41.

6. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), has been interpreted as holding that a release of back wage claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") is not enforceable unless: (a) supervised by the Department of Labor, or (b) included in a settlement approved by the Court in an action brought under the FLSA to recover unpaid wages if the parties propose a "compromise" that resolves a "bona fide dispute."

7. The Parties have agreed to settle Plaintiff's FLSA claim through the execution of a settlement agreement. *See* Exhibit 1. The Parties represent that, in accordance with the terms of the settlement agreement, Plaintiff is receiving a reasonable and satisfactory recovery as payment for alleged unpaid wages and other related expenses.

8. Plaintiff specifically agrees and stipulates that the terms of the settlement agreement represent a fair and equitable resolution of this matter. Additionally, the Parties have been adequately represented by experienced counsel.

9. The Parties further stipulate, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), to the dismissal *with prejudice* of the entire action upon approval of the settlement by the Court as requested above.

10. The Parties request that the Court approve the Parties' settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA.

11. A dispute is "bona fide" when it involves "factual issues" rather than "legal issues such as the statute's coverage and applicability," *Lignore v. Hosp. of Univ. of Pa.,* 2007 U.S. Dist. LEXIS 32169, at *13 (E.D. Pa. 2007) (*quoting Morris v. Penn Mut. Life Ins. Co.*, 1989 U.S. Dist. LEXIS 1690, at *12 (E.D. Pa. 1989)), and when a settlement "reflect[s] a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights brought about by an employer's overreaching," *Brumley v. Camin Cargo Control, Inc.*, 2012 U.S. Dist. LEXIS 40599, at *5 (*quoting Lynn's Food*, 679 F.2d at 1354). Here, the dispute at issue is factual as it includes the alleged number of overtime and unpaid hours worked by Plaintiff and alleged damages incurred by Plaintiff. Settlement was only reached after the production of numerous documents, analysis of legal issues and extensive settlement negotiations through counsel.

12. In assessing the fairness and reasonableness of an agreement settling a FLSA collective action, District Courts in this Circuit have applied the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), for approving class action settlements under Rule 23 of the Federal Rules of Civil Procedure. *Altenbach v. v. Lube Ctr.*, Inc., 2013 U.S. Dist. LEXIS 1252, at *5. The *Girsh* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh*, 521 F.2d at 157. Here, some of the *Girsh* factors do

not apply to this single Plaintiff case, which is not a collective action, however, the factors that do apply favor approval of the settlement.

13. As to the complexity, expense, and likely duration of litigation, the parties were able to resolve the matter before proceeding with numerous depositions and Cross-Motions for Summary Judgment, which would prolong the litigation and add considerable expense.

14. In considering the stage of the proceedings through the documents exchanged and counsel discussions, the parties have had the opportunity to understand the strengths and weaknesses of their cases.

15. In terms of the risks of establishing liability, Defendants have set forth defenses which are subject to interpretation and ultimately if not settled, the case may have to be decided by either dispositive motions or a jury as a fact finder. Consequently, Plaintiff would incur substantial risk in proceeding with a jury trial and a possible appeal of an unfavorable outcome.

16. In terms of the risks of establishing damages, given that liability is contested, Plaintiff runs a risk of not being able to establish and collect damages as evaluation of the hours worked work require a detailed accounting of daily records and interpretation and extrapolation of the same.

17. In considering Defendants' ability to withstand a greater judgment, if found liable, Defendants would be obligated to compensate Plaintiff for the amount of alleged overtime pay and unpaid wages that it may owe. While Defendants could conceivably pay more than the amount of the settlement, it may have no legal obligation to do so.

18. Given the uncertainty of the outcome, and the possibility that Plaintiff could lose all claims, given the facts, Plaintiff is receiving a respectable recovery within the range of reasonableness in light of the best possible recovery.

19. The range of reasonableness of the settlement fund in light of all attendant risks of litigation weighs in favor of approval for all the reasons discussed above. Plaintiff has filed a claim where the prospects of victory at a jury trial and on appeal remained unclear and has still managed to settle at a reasonable sum.

20. Virginia Halden, Esq. of Philadelphia Legal Assistance has represented Plaintiff in this action. Ms. Halden has in excess of 4 years of experience as an attorney. Ms. Halden has represented that to date she has devoted in excess of 45 hours in representing Plaintiff in this matter.

21. The Parties respectfully request that this Honorable Court approve the settlement and enter an Order in the form of the Order attached hereto.

**WHEREFORE**, Plaintiff Jose Corona Corona and Defendants, Paradocx Vineyard, LLC, Paradocx Vineyard LTD, David Hoffman, Mark Harris, Carol Hoffman, and Joanne Goshow-Harris, respectfully move this Honorable Court to approve their Settlement Agreement and General Release as a fair and reasonable resolution of bona fide disputes under the Fair Labor Standards Act of 1938, 29 U.S.C. §201; and to enter an Order approving the Settlement Agreement and General Release, in the form of the Order attached hereto.

Dated: June 28, 2021

Respectfully submitted,

| | |
|---|---|
| */s/Virginia Halden* | */s/ Daniel L. Blanchard* |
| Virginia Halden, Esq. | Daniel L. Blanchard, Esq. |
| E-mail: vhalden@philalegal.org | E-mail*: daniel.blanchard@jacksonlewis.com* |
| PA Bar No. 322959 | PA Bar No. 311479 |
| PHILADELPHIA LEGAL ASSISTANCE | JACKSON LEWIS P.C. |
| 718 Arch Street, Suite 300N | 1601 Cherry Street, Suite 1350 |
| Philadelphia, PA 19106 | Philadelphia, Pa 19102 |
| Telephone: (215) 981-3874 | Telephone: (267) 319-7802 |
| Facsimile: (215) 981-3860 | Facsimile: (215) 399-2249 |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 28, 2021, I electronically filed the foregoing document with the Eastern District of Pennsylvania using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel L. Blanchard*
Daniel L. Blanchard, Esq.

## SERVICE LIST

### Jose Corona Corona v. Paradocx Vineyard, LLC
Case No. 2:21-cv-00651-AB

Virginia Halden, Esq. (321000)
E-mail: vhalden@philalegal.org
PA Bar No. 322959
PHILADELPHIA LEGAL ASSISTANCE
718 Arch Street, Suite 300N
Philadelphia, PA 19106
Telephone: (215) 981-3874
Facsimile: (215) 981-3860

*Attorney for Plaintiff*

Daniel L. Blanchard, Esq.
E-mail*:  daniel.blanchard@jacksonlewis.com*
PA Bar No. 311479
JACKSON LEWIS P.C.
1601 Cherry Street, Suite 1350
Philadelphia, Pa 19102
Telephone: (267) 319-7802
Facsimile: (215) 399-2249

*Attorney for Defendants*