# Exhibit 1

# SETTLEMENT AGREEMENT AND RELEASE

Paradocx Vineyard, LLC, Paradocx Vineyard LTD, David Hoffman, Mark Harris, Carol Hoffman, Joanne Goshow-Harris, and José Corona Corona have reached the following Settlement Agreement to resolve all of their disputes, including those that have been asserted against Paradocx in the action filed in the Eastern District of Pennsylvania (the "**Court**"), Docket No. 2:21-cv-00651-AB, captioned *Jose Corona Corona v. Paradocx Vineyard, LLC et al.* (the "**Lawsuit**"), and those that could have been asserted in later litigation.

## I. Definitions:

"**Corona**" refers to Plaintiff José Corona Corona.

"**Paradocx**" refers, for the ease of identification only, collectively to Defendants Paradocx Vineyard, LLC, Paradocx Vineyard LTD, David Hoffman, Mark Harris, Carol Hoffman, and Joanne Goshow-Harris.

"**Parties**" refers to Paradocx Vineyard, LLC, Paradocx Vineyard LTD, David Hoffman, Mark Harris, Carol Hoffman, Joanne Goshow-Harris, and José Corona Corona, together.

"**Agreement**" refers to this Settlement Agreement.

"**Settlement Amount**" refers to the amount of Consideration to be paid to Corona as specified in section 1 below.

"**Court**" refers to the Eastern District of Pennsylvania

"**Lawsuit**" refers to the case Corona Corona v. Paradocx Vineyard, LLC et al., No. 2:21-cv-00651-AB, filed in the United States District Court for the Eastern District of Pennsylvania.

"**WC Claim**" refers to the workers' compensation claim filed by Corona, which is pending before Workers' Compensation Judge Kelly Melcher in Chester County (WCAIS Claim No. 8405717).

"**Individual Defendants**" refers to David Hoffman, Mark Harris, Carol Hoffman, and Joanne Goshow-Harris.

"**Releasees**" refers to Paradocx Vineyard, LLC, the Individual Defendants, and their respective affiliates, related companies, officers, directors, spouses, heirs, executors, representatives, insurers, attorneys, agents, and assigns.

## II. Background:

Paradocx employed Corona through the H-2A Visa Program from March 27 to November 2, 2018 and from February 9 to October 30, 2019.

On February 11, 2021 Corona filed the Lawsuit against Paradocx alleging violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and the H-2A work contract between Corona and Paradocx. After the Lawsuit was filed, the case was assigned to Judge Anita Brody. To date, Judge Brody has made no determination about the merits of the Lawsuit, and Paradocx absolutely denies any FLSA or WPCL violations, or other unlawful conduct, as alleged or at all.

The Parties voluntarily agree to execute a complete release of all claims as stated herein and enter into this Agreement to resolve all claims between them, except for the WC Claim.

NOW THEREFORE, in consideration of the mutual covenants and other good and valuable consideration in this Agreement, the Parties stipulate and agree that all matters between them are resolved as follows:

### III. Terms of the Agreement:

1. **Consideration.** In consideration for signing this Agreement and in compliance with the promises made in this Agreement, Paradocx agrees to pay Corona the Settlement Amount—which equates to the total sum of **seven thousand five hundred dollars and zero cents ($7,500.00)** within 20 days after the latter of: (1) Paradocx's receipt of this Agreement signed by Corona; (2) Paradocx's receipt of a Form W-4 from Corona and a Form W-9 from Corona and his counsel; (3) the filing with the Court in the Lawsuit of a Joint Motion to Approve Settlement and Stipulation of Dismissal with Prejudice; (4) entry of an Order Approving Settlement and of Dismissal of Plaintiff's claims in the Lawsuit with prejudice; and (5) the expiration of the revocation period set forth in Section 21 of this Agreement and Corona has not revoked his acceptance. The Settlement Amount set forth in this paragraph is to be delivered to Corona's counsel and paid in three (3) checks as follows:

   a. A check payable to Corona in the amount of **three thousand fifty dollars and zero cents ($3,050.00)**, representing $1,000.00 in alleged unpaid back wages under the FLSA and $2,050 in alleged back wages under the WPCL, less applicable taxes, for which a W-2 will be issued to Corona.

   b. A check payable to Corona in the amount of **two thousand seven hundred eighty dollars and zero cents ($2,780.00)**, representing alleged liquidated damages in the amount of $2,330 under the FLSA and the WPCL, and $450.00 for the remainder of Corona's alleged contract claims and associated losses, without deductions, for which the appropriate IRS 1099 will be issued to Corona.

   c. A check payable to Corona's counsel, Philadelphia Legal Assistance, in the amount of **one thousand seven hundred twenty dollars and zero cents ($1,720.00)**, representing attorneys' fees, for which the appropriate IRS Form 1099 will be issued to Philadelphia Legal Assistance (Tax Identification No. 23-2823744).

2. **No Consideration Absent Execution of this Agreement.** Corona expressly acknowledges and agrees that the Settlement Amount provided by Paradocx is good and valuable consideration in exchange for the releases and covenants in this Agreement. Paradocx expressly acknowledges and agrees that it is providing good and valuable consideration above and

beyond any amounts it would have paid Corona absent his execution of this Agreement and the covenants and releases in this Agreement.

3. **Withdrawal and Discontinuance of Action.** The Parties agree to file with the Court a Joint Motion to Approve Settlement and Stipulation of Dismissal with Prejudice for approval of the FLSA portion of this settlement, requesting that the Court find that portion of the settlement fair and reasonable and dismiss the Complaint with prejudice. Corona shall withdraw the Lawsuit. If for any reason the Lawsuit is not wholly and finally dismissed with prejudice, no sums will be due to Corona under this Agreement.

4. **Tax Consequences of Settlement Agreement.** To the extent that there are tax-related consequences arising from the Parties' performance of their obligations under this Agreement, the Parties agree that they shall bear their own responsibility for such consequences and that neither party shall indemnify the other party for the consequences arising out of the other party's performance of such obligations. Corona agrees that Paradocx has not made any representation as to the tax consequences of this Agreement and the payments made hereunder. Corona represents that there have been no payments or reimbursements by Medicare or Medicaid to Corona for any alleged damages or injuries relating to this claim.

5. **Release of Wage Claims, Breach of Contract Claims, and Related Provisions.**

    a. **Release**. As of the date of execution of this contract, Corona agrees that on his behalf and on behalf of his heirs, executors, representatives, agents, and assigns, he irrevocably and unconditionally releases, acquits and forever discharges Releasees with respect to any and all breach of contract and wage-related claims, known and unknown to him, arising out of his employment by or provision of services to Paradocx including, without limitation, the failure to pay wages, overtime, minimum wages, travel and other expenses, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state or local wage and hour laws, including but not limited to the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Law, and the H-2A visa program. Plaintiff agrees that he shall not comment or prosecute, either in concert with others or individually, any action or proceeding, whether legal, administrative, judicial, or quasi-judicial, on behalf of himself asserting any claims released pursuant to this paragraph against Releasees. For the avoidance of doubt, this includes any potential right to "opt-in" to a case commenced or prosecuted by others.

    b. **Claims Not Released.** Corona is not waiving any rights he may have to the following claims.

    i. Benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes.

    ii. Claims which by law cannot be waived by signing this Agreement.

       iii. Future reimbursement or payment of expenses, if any, related to his travel back to his home country under any contract with Paradocx or the H-2A visa program.

       iv. Enforcement of this Agreement.

       v. Challenges to the validity of this Agreement.

    c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Corona from filing a charge with any federal, state, or local government agency, nor does it prevent Corona from participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Corona agrees that if such an administrative claim is made pursuant to any of the laws and regulations listed in subsection 5a, Corona shall not be entitled to recover any individual monetary relief or other individual remedies against Paradocx, excluding claims that arise out of events occurring after the execution of this Agreement. Nothing in this subsection 5c shall be construed as waiving Corona's right to workers' compensation benefits.

    **6.**     **Acknowledgments and Affirmations.** Corona affirms that, except for being a party to the lawsuit initiated by this Complaint and the WC Claim, he is not presently a party to any claim against Paradocx and has not filed any other claims against Paradocx. Paradocx affirms that Paradocx is not presently a party to any claim against Corona, and that Paradocx has not filed any claims against Corona. Corona also affirms that he has reported all hours worked as of the date he signs this Agreement. The Parties affirm that, as of the date this Agreement is executed, they are not aware of any liens and/or pending legal claims applicable to the Settlement Amount.

    **7.**     **Medicare Eligibility.** Corona represents and warrants that Corona is not entitled to and is not currently a Medicare beneficiary nor within thirty (30) months of becoming a Medicare beneficiary; is not 65 years of age or older; is not suffering from end stage renal failure or amyotrophic lateral sclerosis; has not received Social Security benefits for 24 months or longer; and has not applied for Social Security benefits and/or has not been denied Social Security disability benefits and appealing the denial. Because Corona is not a Medicare beneficiary as of the date of this release, no conditional payments have been made by Medicare. Because Corona is not expected to become a Medicare beneficiary within thirty (30) months from the date of this release, no funds have been allocated for future incident-related medical treatments.

    **8.**     **Agreement Not To Seek Future Employment.** Due to irreconcilable differences between the Parties, Corona affirms that he will not apply for employment, reinstatement or re-employment with Paradocx in the future. If Corona applies for employment with Paradocx, Corona agrees that Paradocx will regard his application as a mistake and will give it no consideration and that Paradocx is privileged to reject any application for employment Corona may make, and to discharge Corona in the event Corona subsequently becomes employed by Paradocx. Corona understands and agrees that he is waiving any and all claims of any kind or nature arising out of any of the foregoing circumstances, and he covenants not to sue, or otherwise bring a claim against Paradocx in any forum in connection with those circumstances. The Parties agree that this is a negotiated clause of this Agreement and not evidence of retaliation.

9. **Nondefamation and Neutral Reference.** Corona agree not to defame or disparage Paradocx in any manner whatsoever. The Individual Defendants also agree not to defame or disparage Corona. Nothing herein shall restrict the respective rights of the Parties to testify in a forthright manner about the other before a court, administrative, or regulatory body. Corona agrees to direct all prospective employers or other third parties with a need to perform a reference check to contact Trish Brown or her successor, in Paradocx's human resources department at 610-350-6666, for such inquires. Paradocx agrees that if Trish Brown or her successor is contacted for such inquiries, she will provide only Corona's dates of employment and last position held.

10. **Limited Use and Return of Property.** The Parties agree that this Agreement may be introduced as evidence in any proceeding only for the purposes of enforcing its terms and/or to evidence the Parties' intent in executing it. The Agreement is not admissible as evidence in any proceeding for any other purpose.

11. **Governing Law.** This Agreement is governed by the laws of Pennsylvania without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action to enforce any term or terms of this Agreement and/or to seek any damages for breach.

12. **No Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the consideration paid to Corona for this Agreement is an admission of wrongdoing or evidence of any liability or illegal conduct by Paradocx.

13. **Amendment.** This Agreement may not be modified, altered, or changed except by a document in writing that contains a specific reference to this Agreement and is signed by the Parties.

14. **Entire Agreement.** This Agreement is the entire agreement between the Parties and fully supersedes any prior agreements or understandings between the Parties. The Parties agree that neither has relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

15. **Counterparts.** Each of the Parties may sign a different copy of the Agreement. Each signed copy of the Agreement will be considered an original. Together, the signed copies will constitute the executed Agreement. The Parties agree that signatures transmitted electronically, whether sent via facsimile or as attached files via email will bind the Parties and will not in any way affect this Agreement's validity.

16. **Severability.** If any portion of this Agreement is found to be unenforceable for any reason, the remaining portions remain in effect, with any necessary modification.

17. **No Waiver.** If any party delays, fails to exercise, or partially exercises any right, remedy, power or privilege under this Agreement, the party has not waived its respective right to enforce the Agreement in full.

18. <u>Headings</u>. The headings of sections and paragraphs in this Agreement are solely for convenience of reference and do not control the meaning or interpretation of any of the provisions of this Agreement.

19. <u>Neutral Construction</u>. Each party to this Agreement had the opportunity to retain counsel and to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting parties will not be employed or used in any interpretation or enforcement of this Agreement.

20. CORONA ACKNOWLEDGES THAT EMPLOYEE HAS HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND HAS IN FACT OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT BY HIS COUNSEL VIRGINIA HALDEN, AND SO DOING, ENTERS INTO THIS AGREEMENT.

CORONA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND CONTRACT CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES ARISING OUT OF HIS EMPLOYMENT WITH PARADOCX, SAVE THOSE CLAIMS EXCLUDED IN SUBSECTION 5B. ABOVE.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFF**

By: _____
José Corona

Date: 9/14/2021

**DEFENDANTS**

PARADOCX VINEYARD, LLC

By: _____
David Hoffman, President

Date: 10/12/21

**INDIVIDUAL DEFENDANTS**

By: _____
David Hoffman, individually

Date: 10/12/21

By: _____
     Mark Harris, individually

Date: _____10/12/21_____

By: _____
     Carol Hoffman, individually

Date: _____10/12/21_____

By: _____
     Joanne Goshow-Harris, individually

Date: _____10/12/21_____